IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EMBARK CONSULTING, LLC,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-3025-L** |
| § | |
| **PINEAPPLE, INC.,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Petition to Confirm Arbitration Award ("Petition") filed by Embark, Consulting, LLC ("Petitioner" or "Embark") on December 3, 2025. For the reasons herein explained, the court **grants** the Petition.

### I.   Factual and Procedural Background

Embark brought this action on December 3, 2024, pursuant to the 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA"), seeking to confirm the final arbitration award ("Final Award") issued by the American Arbitration Association ("AAA") in its favor on December 14, 2023, in AAA Case No. 01-23-0003-9228. The Final Award ordered Pineapple, Inc. ("Respondent" or "Pineapple") to pay: (1) breach of contract damages of $79,220.61, representing the amount of the unpaid invoices together with the 5% penalty for late payment; (2) Embark's reasonable attorney's fees in the amount of $39,000; and (3) post-award interest at a rate of 8.5% beginning thirty days from the date of the Final Award or January 13, 2024, to the date the Final Award is paid. Petitioner alleges, and the Final Award reflects, that Pineapple was given notice and an opportunity to participate in the arbitration but declined to do so. Petitioner further alleges that, as of the date this action was filed, Pineapple has failed to satisfy the Final Award. According to the record in this

case, service of process was effected on Pineapple on January 7, 2025, but it has failed to appear or respond to Embark's Petition.

## II.   Discussion

### A.  Confirmation of Final Award

The parties' Consulting Services Agreement contains an arbitration clause requiring arbitration in accordance with the rules of the AAA of any disputes arising out of the Consulting Services Agreement that cannot be settled by mediation.  The parties agreed in their Consulting Services Agreement that judgment on an award rendered by an arbitrator may be entered in any court having jurisdiction.  Under the FAA, if the parties have agreed that a judgment of the court shall be entered upon the entry of an arbitration award, then upon application by a party, the court must grant such an order unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. The record reveals no grounds for vacation, modification or correction of the award pursuant to either 9 U.S.C. §§ 10-11 or any of the non-statutory grounds enunciated by the Fifth Circuit. *See Glover v. IBP, Inc.*, 334 F.3d 471, 473-74 (5th Cir. 2003); *Exxon Corp. v. Baton Rouge Oil and Chem. Workers*, 77 F.3d 850, 853 (5th Cir. 1996); *Manville Forest Prods. Corp. v. United Paperworkers Int'l Union*, 831 F.2d 72, 74 (5th Cir. 1987); *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164 (5th Cir. 1998). Accordingly, Embark is entitled to entry of an order confirming the Final Award.

### B.  Postjudgment Interest

In addition to confirmation of the Final Award, Embark also seeks post-judgment interest at the applicable federal rate. "The post-judgment interest rate for *all* judgments entered in federal courts, including those in diversity cases, is governed by 28 U.S.C. § 1961." *See Woods v. P.A.M. Transport Inc.-L.U.*, 440 F. App'x 265, 270 (5th Cir. 2011) (emphasis in original).  The current

federal postjudgment rate is 4.09% per annum. Embark is, therefore, entitled to recover postjudgment interest at the applicable federal rate of 4.09% per annum from the date judgment is entered until it is paid in full.

### III. Conclusion

For the reasons stated, the court **grants** Embark's Petition (Doc. 1). It is, therefore, **ordered, adjudged, and decreed** that the December 14, 2023 Final Award entered in the AAA arbitration between Embark and Pineapple (Case No. 01-23-0003-9228) is **confirmed** in all respects; that Embark **shall** recover from Pineapple.: (1) **$79,220.61** in damages for failure to pay Embark for services rendered, including the 5% penalty for late payment; (2) **$39,000** for Embark's reasonable attorney's fees and costs incurred in connection with the arbitration; (3) post-award interest at the rate of **8.5%** per annum beginning on January 13, 2024, and continuing until the date of the judgment; and (4) postjudgment interest at the applicable federal rate of **4.09%** per annum from the date judgment is entered until it is paid in full.[*] The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate order.

**It is so ordered** this 26th day of June, 2025.

Sam A. Lindsay
United States District Judge

---

[*] The total recoverable amount for damages and attorney's fees is $118,220.61. Post-award and postjudgment interest shall be calculated based on this amount.

**Memorandum Opinion and Order – Page 3**